UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LUCRETIA COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10CV1573 RWS |
| | ) | |
| AT&T, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Lucretia Collins for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the undersigned finds that the applicant is financially unable to pay any portion of the filing fee. However, after a review of the complaint and the corresponding documentation, the Court will dismiss the individual defendants and several claims and order the Clerk to issue process only upon defendant AT&T.

**The Complaint**

Pursuant to 28 U.S.C. § 1915 (e)(2)(B), the Court is obligated to review pleadings filed in forma pauperis. If at any time it appears that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary

relief against a defendant who is immune from such relief, the Court may dismiss the Complaint or any portion thereof.

Plaintiff, a former employee at AT&T, brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., and the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, et seq. In addition to plaintiff's former employer, plaintiff has also named six individual defendants in this action: Rhlonda James, Emmily Leavy, Jason Lieker, Jennifer Muckjanovic, Jason Coleman and Cameron Harrel.[1]

Plaintiff alleges that she was discriminated against on the basis of her race, color, gender and sexual preference, in the terms and conditions of her employment and eventually terminated in violation of the law. Plaintiff also alleges that she was subjected to unwelcome harassment during her employment at AT&T.

## Discussion

Plaintiff cannot sustain a claim against defendants under the Rehabilitation Act as such actions can only be taken against a defendant who has received financial

---

[1] Plaintiff asserts that she was being "harassed" by defendant Coleman. She claims that she reported the harassment to defendant James. Plaintiff additionally claims that defendant Lieker was a witness to the alleged harassment, and that defendant Leavey "falsified documents" relating to her investigation of the alleged harassment. Plaintiff has not made any specific allegations against individual defendants Harrel or Muckjanovic.

assistance from the federal government, an allegation plaintiff has not included in her complaint. 29 U.S.C. § 794. Moreover, plaintiff's claims against her individual supervisors and co-workers under Title VII are subject to dismissal because individual supervisors cannot be liable under Title VII or the Rehabilitation Act. See Roark v. City of Hazen, 189 F.3d 758, 761 (8th Cir. 1999) citing Bonomolo-Hagen v. Clay Central-Everly Community School Dist., 121 F.3d 446, 447 (8th Cir. 1997); Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999).

Lastly, plaintiff cannot sustain a claim for discrimination on the basis of sexual preference or orientation. Neither Title VII nor Missouri's anti-discrimination statute prohibit discrimination on the basis on sexual orientation or sexual preference. See Mo.Rev.Stat. §213.055 (defined unlawful employment practices do not include discrimination based on sexual orientation); Broadus v. State Farm Ins. Co., No. 98-4254, 2000 WL 1585257 (W.D. Mo. October 11, 2000); Bibby v. The Philadelphia Coca Cola Bottling Co., 85 F.Supp.2d 509, 516 (E.D.Pa.2000); Klien v. McGowan, 36 F.Supp.2d 885, 889 (D.Minn.1999); Higgins v. New Balance Athletic Shoe, 21 F.Supp. 66, 73 (D.Me.1998). And St. Louis City Ordinances prohibiting discrimination based on sexual orientation (St. Louis Ordinance No. 62710 and 67119) do not provide a private cause of action. See Oberkramer v. IBEW-NECA Service Center, Inc., 151 F.3d 752,757 (8th Cir. 1998).

In light of the aforementioned, the Court will dismiss plaintiff's claims against the individual defendants, plaintiff's claim under the Rehabilitation Act and plaintiff's claims of discrimination/harassment on the basis of sexual preference/orientation. The Court will order the Clerk to issue process on defendant AT&T as to plaintiff's remaining Title VII claims.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants James, Leavy, Lieker, Muckjanovic, Coleman and Harrel are **dismissed**.

**IT IS FURTHER ORDERED** that plaintiff's claims under the Rehabilitation Act and her claims of discrimination/harassment on the basis of sexual preference/orientation are **dismissed**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process on defendant AT&T.

Dated this 24th day of September, 2010.

RODNEY W. SIPPEL  
UNITED STATES DISTRICT JUDGE